IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case # 4:11-cv-1135-TLW |
| Anthony Thompson, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## ORDER

This matter is before the Court on the Motion for Default Judgment filed by the United States of America ("Plaintiff"). (Doc. #8). Anthony Thompson ("Defendant") has not filed any response or opposition to the Petitioner's motions.

The Plaintiff instituted this action on May 10, 2011, when it filed a complaint seeking a principal amount of $205,787.49 plus interest at 4.25 percent per annum continuing until the date of judgment, plus costs and attorney fees as may be required by the note executed by the Defendant. (Doc. #1). Defendant failed to answer or otherwise respond to the complaint. The Clerk entered Default as to the Defendant on August 29, 2012. Thereafter, on December 10, 2013, Petitioner filed a Motion for Default Judgment. (Doc. # 8). Plaintiff's response to the Motion for Default Judgment was due by December 30, 2013. Plaintiff has filed no response.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

According to the record, Defendant entered a promissory note on June 3, 2008 with the United States to secure a Direct Consolidation loan from the U.S. Department of Education ("Department"). (Doc. #1-1). The loan was disbursed on July 11, 2008, at 4.25 percent interest per annum. The Department demanded payment according to the terms of the note, and the borrower defaulted on the obligation on May 11, 2009. Plaintiff asserts that Defendant has failed to satisfy his obligations pursuant to the promissory note ahd has failed to answer or otherwise respond to the complaint. Petitioner premises its Motion for Default Judgment on this failure.

"Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails to plead or otherwise defend in accordance with the Rules." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982) (citations omitted). "Although the clear policy of the Rules is to encourage dispositions of claims on their merits…, trial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom." Id. (citations omitted).

**II.     DISCUSSION**

Plaintiff filed its complaint on May 10, 2011. More than two and a half years have passed since the Petitioner its complaint, and over a month has passed since the Plaintiff filed its Motion for Default Judgment. The Defendant has had ample time to answer or otherwise respond in this matter. Thus, after careful consideration, the Court concludes that Petitioner's Motion for Default Judgment should be granted.

## **CONCLUSION**

For the reasons set forth herein, Petitioner's Motion for Default Judgment (Doc. # 8) is **GRANTED**.

**IT IS SO ORDERED**.

s/Terry L. Wooten
TERRY L. WOOTEN
Chief United States District Judge

January 24, 2014
Columbia, South Carolina